UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRUCE E. VOID, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-978 (RMC) |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM OPINION

Bruce E. Void, sentenced in 1991 in the Superior Court of the District of Columbia to twenty years to life for first degree murder while armed and to a consecutive sentence of three to nine years for conspiracy, sues the U.S. Parole Commission and its Chairman, Isaac Fulwood Jr., on a writ for habeas corpus after the Commission denied his request for parole. The Commission moves to transfer to the District of Maryland, the district in which Mr. Void is incarcerated. Citing the D.C. Code, Mr. Void insists that he has a right to be heard in this Court. Because only a court in the jurisdiction in which the petitioner is located has jurisdiction, this Court will transfer the case to Maryland.

### I.  FACTS

On September 6, 1991, Mr. Void was sentenced in the District of Columbia Superior Court in Case No. F 10343-90 to twenty years to life for first degree murder while armed and three to nine years for conspiracy, to run consecutively.[1] Mot. Transfer [Dkt. 6], Ex.

---

[1] For felonies committed prior to August 5, 2000, the District of Columbia used an indeterminate sentencing system in which defendants convicted of felonies would be eligible for parole. Like many jurisdictions, the District has since switched to a determinate sentencing system. *See generally* DC Sentencing and Criminal Code Revision Commission, "History of the District of

1

A [Dkt. 6-2] (Judgment & Commitment Order) at 1.  The sentence included a mandatory minimum term of twenty years of incarceration.  *Id.*  On October 11, 2011, Mr. Void requested a parole hearing before the U.S. Parole Commission, which assumed responsibility for D.C. prisoners under the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998) (Revitalization Act); D.C. Code § 24-131(a).  Mot. Transfer, Ex. C [Dkt. 6-4] (Notice of Hearing-Parole Application) at 1.  A parole hearing was conducted on December 12, 2011, and although petitioner's parole guidelines score "suggest[ed] that parole should be granted," the hearing examiner recommended that the Commission depart from its guidelines, deny parole, and schedule the next parole hearing for Mr. Void after 36 months of additional prison time.  Mot. Transfer, Ex. E [Dkt. 6-6] (Hearing Summary) at 4–5.  The hearing examiner based his recommendation on Mr. Void's criminal history and the facts underlying his convictions.  *Id.*  On January 27, 2012, the Commission adopted the recommendation, denied parole to Mr. Void, and scheduled a reconsideration hearing in September 2015, after he served an additional 36 months.  Mot. Transfer, Ex. F [Dkt. 6-7] (Notice of Action) at 1.

On May 29, 2012, Mr. Void mailed his *pro se* petition for a writ of habeas corpus to the United States District Court for the District of Columbia, where it was filed on June 14, 2012.  [Dkt. 1].  Mr. Void's petition alleges that the Commission misapplied the guidelines at his hearing.  Petition at 4.  At the time he filed his petition, and continuing, Mr. Void was incarcerated at the Cumberland Federal Correctional Institution (FCI-Cumberland) in

---

Columbia Sentencing and Criminal Code Revision Commission," available at http://acs.dc.gov/acs/cwp/view,a,3,q,648994,acsNav,%7C33149%7C.asp (last accessed Dec. 20, 2012).

Cumberland, Maryland.[2] He was not, and is not, located in the District of Columbia, as the Commission's documentation shows and the Court's December 20, 2012, review of the Federal Bureau of Prisons Inmate Locator has confirmed.

## II. ANALYSIS

The Parole Commission moves to dismiss, arguing that the law is clear that only the district court in the district in which Mr. Void is incarcerated has jurisdiction over his petition. Mot. Transfer 2–4 (citing, *inter alia*, *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)). Mr. Void argues that D.C. Code §§ 16-1901(a) and (b) provide jurisdiction in this Court for his petition. Reply to U.S. Parole Commission [Dkt. 7] at 1–2.

As Mr. Void contends, Title 16, Chapter 19, of the D.C. Code provides for habeas corpus in local or federal courts in the District of Columbia. A prisoner petitions for habeas corpus in the U.S. District Court for the District of Columbia when the writ would be directed to "Federal officers and employees." *Id.* 16-1901(b). To this point, Mr. Void is right on. He misses, however, the significance of subsection (a) of D.C. Code § 16-1901, which provides:

> A person committed, detained, confined, or restrained from his lawful liberty *within the District*, under any color or pretense whatever, or a person in his behalf, may apply by petition to the appropriate court, or a judge thereof, for a writ of habeas corpus, to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into . . . .

Mr. Void is not committed, detained, confined or restrained from his lawful liberty within the District of Columbia; he is incarcerated in Cumberland, Maryland. The D.C. Code provisions for habeas corpus do not, therefore, support any relief for him in this Court.

---

[2] District of Columbia Code felony offenders are assigned to federal correctional institutions across the country by the Federal Bureau of Prisons. Mr. Void, for example, has been incarcerated in Lorton, Virginia (home of the former Lorton Reformatory, which used to house many D.C. prisoners) and at FCI-Hazelton, in West Virginia. Hearing Summary at 3.

The Court's power to grant habeas extends only to this Court's jurisdiction, 28 U.S.C. § 2241(a), but this Court is empowered to transfer a habeas petition "to the district court having jurisdiction to entertain it," *id.* § 2241(b).  The D.C. Circuit has ruled that petitioners like Mr. Void—District of Columbia prisoners in federal custody challenging an adverse parole determination by the U.S. Parole Commission—must name as respondent the warden of the institution where they are incarcerated and must file suit in the United States District Court for the district in which that institution is situated.  *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808–14 (D.C. Cir. 1988) (*en banc*) ("Chatman-Bey (and other federal prisoners who are challenging some aspect of Parole Commission policy or action) can properly bring his complaint in his local federal district court and secure a resolution of his claim in the context of habeas corpus."); *see also Stokes*, 374 F.3d at 1239; *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  In this case, the warden at FCI-Cumberland is the person empowered to defend the petitioner's imprisonment, but the warden is not within the jurisdiction of the District Court for the District of Columbia.  This Court is powerless to act on Mr. Void's petition and must transfer it, as the Parole Commission requests, to the District Court for the for the District of Maryland.

Because Mr. Void has responded to the Commission's Motion to Transfer on the merits, expressing his view as to why the case should not be transferred, *Chatman-Bey*'s requirement that this Court provide petitioner with "an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction" is satisfied.  864 F.2d at 814.  Mr. Void, who is entitled to "a prompt and just answer" to his claim to entitlement to a writ of habeas

corpus, *id.*, may pursue his arguments regarding the Commission's alleged errors in the District of Maryland.

### III.  CONCLUSION

Because this Court does not have jurisdiction over the warden at FCI-Cumberland, Mr. Void's petition for a writ of habeas corpus will be transferred to the District Court for the District of Maryland.  The Commission's motion will be granted and the case closed.  A memorializing Order accompanies this Memorandum Opinion.

DATE: December 20, 2012

                                             /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge